

MICHAEL A. CAPLAN
Direct Dial: 404.596.5610
mcaplan@caplancobb.com

November 5, 2024

**VIA ECF AND EMAIL**

Judge Sarah E. Geraghty
U.S. District Court for the Northern District of Georgia
75 Ted Turner Drive S.W.
Atlanta, GA 30303
stephanie.pittman@gand.uscourts.gov

   Re: *Tartt v. Bio-Lab, Inc.*, No. 1:24-cv-04407;
      *Dotson v. BioLab, Inc.*, No. 1:24-cv-04561

Dear Judge Geraghty,

  Defendants Bio-Lab, Inc., KIK International LLC, and KIK Custom Products Inc. write to respond to the jurisdiction letter briefs filed by Plaintiffs in the above-captioned matters. Defendants agree with the *Tartt* and *Dotson* Plaintiffs that this Court has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA") and that the exceptions under CAFA do not apply. Defendants submit this letter brief to clarify a few additional points.

  Defendants agree that the local controversy exception to CAFA does not apply because there were prior pending class actions in state court. As the Plaintiff in *Tartt* notes, *Lynch v. Bio-Lab Inc.*, No. 24-c-09082-S5, was filed before any of the eighteen related putative class actions before this Court (the "Related Class Actions"), thus defeating the requirement of the local controversy exception that "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii); *Tartt* Letter Brief, Dkt. 54-1, at 4.

  In addition, a second class action was also filed in Georgia state court before any of the Related Class Actions, which is also sufficient to defeat the local-controversy exception. On September 30, 2024, at 5:14 a.m., plaintiffs Emanuel and Eleanor Dobbins filed a complaint against defendants Bio-Lab, Inc. and John Doe #1 through John Doe #3 (later substituted as KIK Consumer Products Inc.) on behalf of "[a]ll citizens of the State of Georgia who, owned or resided at residential property lying, in whole or in part, within Rockdale County, Georgia who received an evacuation order or shelter in place order in response to BioLab's 9-29-2024 fire, explosions, and smoke," asserting claims for nuisance, trespass, negligence and punitive damages. *See* Ex. 1, *Dobbins v. Bio-Lab, Inc.*, No. 24-C-09053-S5, Compl. ¶ 27, ¶¶ 36-69; *id.*, First Am. Compl. (Oct. 2, 2024). Both the *Dobbins* and *Lynch* actions were filed before any of the Related Class Actions, including the first filed of those actions, *Tartt v. Bio-Lab, Inc.*, which was filed September 30, 2024, at 5:17 p.m. *Tartt* Letter Brief, Dkt. 54-1, at 4. The local controversy exception therefore does not apply.

CAPLAN | COBB

Judge Sarah E. Geraghty
November 5, 2024
Page 2 of 2

      Defendants also agree that the presence of KIK International LLC and KIK Custom Products Inc. in the Related Class Actions defeats the home-state exception because they are citizens of Delaware and Canada and, based on the allegations of the Complaints, are "primary defendants" under CAFA. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(B); *see, e.g.*, *Dotson*, Defs.' Certificate of Interested Persons and Corporate Disclosure Statement, Dkt. 14 at 2; *Forte v. Bio-Lab, Inc.*, No. 1:24-cv-04453, Defs.' Certificate of Interested Persons and Corporate Disclosure Statement, Dkt. 21 at 2.

      In determining which defendants are "primary defendants" under CAFA, courts look to the pleadings only and must assume that plaintiffs will establish liability against the defendants as alleged in their complaint. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1162 (11th Cir. 2021) ("[I]n deciding whether a defendant is a 'primary defendant,' a court must ask 'whether, given the claims asserted against the defendant, [the defendant] has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to other defendants if found liable.'" (quoting *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 505 (3d Cir. 2013))); *Vodenichar*, 733 F.3d at 505 ("To determine the number of class members to whom a defendant may be liable and to identify the defendants who would sustain the greatest loss if found liable, courts must assume liability will be established. As a result, courts should not consider whether a defendant has denied liability, and the District Court's reliance on [defendant's] denial of liability was misplaced."). Although Defendants expressly deny their liability in the Related Class Actions, Plaintiffs' Complaints treat KIK International LLC and KIK Custom Products Inc. as "primary defendants" for purposes of CAFA, and thus the home-state exception to CAFA does not apply.

      For the foregoing reasons, and the reasons stated in the *Tartt* and *Dotson* letter briefs, this Court has subject-matter jurisdiction over the Related Class Actions.

                                 Respectfully submitted,

                                 */s/ Michael A. Caplan*
                                 Michael A. Caplan

Enclosure