# EXHIBIT 1

Case 1:24-cv-04561-SEG   Document 26-1   Filed 11/05/24   Page 2 of 14

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-09053-S5**
**9/30/2024 5:14 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| EMANUEL DOBBINS, and ELEANOR DOBBINS, *Individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> BIO-LAB, INC. (*a Georgia Corporation*), BIO-LAB, INC. (*a Delaware Corporation*), and JOHN DOE #1 THROUGH JOHN DOE #3, <br><br> Defendants. | CIVIL ACTION FILE # <br> 24-C-09053-S5 |

## CLASS ACTION COMPLAINT

COME NOW, the named Plaintiffs -- both individually and as representatives of a putative class -- and file this their Class Action Complaint, showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

[1]  Defendant Biolab, Inc. (*a Georgia Corporation*) is a domestic for profit corporation incorporated under the laws of the State of Georgia. BioLab maintains an office in Gwinnett County, Georgia and has an interest in the property located at 1700 SW, 1739 SW and 1827 SW Dogwood Drive, City of Conyers, Rockdale County, State of Georgia 30012 that is the subject of this action ("BioLab Property") and may be served with process by delivery of the Summons and Complaint in this action to its registered agent, CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA 30361.

[2]  Defendant Biolab, Inc. (*a Delaware Corporation*) is a foreign, for-profit corporation incorporated under the laws of the State of Delaware. BioLab maintains an office in Gwinnett County, Georgia, has an interest in the BioLab Property, and may be served with process by delivery of the Summons and Complaint in this action to its registered agent, CT Corporation System, 289 S Culver Street, Lawrenceville, GA 30046-4805.

[3]  Defendants Biolab, Inc. (*a Georgia Corporation*) and Biolab, Inc. (*a Delaware Corporation*) are hereinafter collectively referred to as "BioLab."

[4] Named Plaintiffs Emanuel Dobbins and Eleanor Dobbins are residents and citizens of Georgia and own the real property where they reside in Rockdale County at address 1961 Gleaton Rd, NE, Conyers, GA 30013, approximately 4 miles north of the BioLab Property.

[5] As set out more particularly below, the class consists of the named Plaintiffs and other similarly situated Rockdale County, Georgia residents and property owners (hereafter collectively referred to as "Plaintiffs").

[6] Each John Doe Defendant is a contractor, subcontractor, or other person or entity, who controlled, participated in, assisted in, directed, cooperated in, ratified and or is otherwise liable for the conduct about which Plaintiffs complain in this Complaint.

[7] Plaintiffs "Property" includes not only their land and other improvements and personal property possessed thereon and or thereabout, but also their respective rights in relation to that land, improvements and other property, including without limitation, their right to use and enjoy their Property, and to exclude others from using, enjoying and or damaging their Property.

[8] This Court has subject matter jurisdiction over this case.

[9] This Court has personal jurisdiction over BioLab and venue is proper.

[10] Plaintiffs hereby demand a Jury trial on all issues so triable upon their claims in this Complaint.

## GENERAL ALLEGATIONS

[11] Sometime the early morning of 9-29-2024, an uncontrolled reaction of BioLab's chemicals with water on the Biolab Property, caught fire and exploded causing Plaintiffs to suffer and endure emergency evacuations and shelter in place orders due to BioLab's smoke and other pollution.

[12] Prior to 9-29-2024, a previous uncontrolled reaction of BioLab's chemicals with water on the Biolab Property, caught fire and exploded causing Plaintiffs to suffer and endure emergency evacuations and shelter in place orders due to BioLab's smoke plumes and other pollution.

[13] A copy of a 9-29-2024 Rockdale County, Georgia evening update providing public information about the BioLab fire and explosions, and the circumstances and consequences that resulted is attached hereto as Exhibit A and incorporated herein by this reference.

[14] BioLab owns the BioLab Property, operates and manages the BioLab Property and directed, controlled and participated in the tortious conduct about which Plaintiffs complain.

[15] BioLab's reacting, burning and exploding chemicals and smoke and contaminated water runoff are hazardous chemicals and hazardous substances under federal and state law and are toxic to human health and to the environment.

[16] At all times relevant hereto, BioLab was in control of whether BioLab would properly store and manage its chemicals and operations.

[17] At all times relevant hereto, it was foreseeable to BioLab that its failure to properly store and manage its chemicals and operations could harm Plaintiffs and their Properties.

[18] BioLab's smoke and other pollutants emanating from the BioLab Property envelope all of Plaintiffs Property and enter into and infiltrate Plaintiffs residences, clothes and other belongings.

[19] BioLab's smoke and other pollutants from the BioLab Property are offensive, deteriorate the environment at Plaintiffs Property, including inside Plaintiffs residences, and makes breathing difficult for Plaintiffs.

[20] Plaintiffs try to avoid BioLab's smoke and other pollutants but they cannot, and as a result Plaintiffs have to breathe and smell BioLab's air pollution, and are injured as a result.

[21] BioLab's smoke and other pollutants from the BioLab Property substantially aggravate, annoy, and inconvenience Plaintiffs, and impair Plaintiffs use and enjoyment of Plaintiffs Property.

[22] BioLab's smoke and other pollutants, and the manner in which BioLab operates the BioLab Property damages Plaintiffs Property and reduces the value of Plaintiffs Property.

[23] BioLab's fire, explosions, smoke and other pollutants irritate Plaintiffs eyes, sinuses, skin, and or throats, and or create apprehension, distress, and fear in Plaintiffs, and cause Plaintiffs substantial personal annoyance, inconvenience, discomfort, and aggravation.

[24] BioLab has ratified the conduct of the persons and entities -- including BioLab's own employees, contractors, and agents -- that cause and or contribute to BioLab's explosions, fire, smoke, and other pollutants spreading at and about Rockdale County and Plaintiffs residential properties.

[25] BioLab failed and refused to properly inspect the work of its agents, employees, contractors, and/or subcontractors sufficiently to prevent the prior and 9-29-2024 improper chemical storage, management, reactions, explosions, fire and smoke at the BioLab Property.

## CLASS ALLEGATIONS

[26]  This action is brought by the named Plaintiffs as a class action pursuant to O.C.G.A. § 9-11-23.

[27]  The class of Plaintiffs for whose benefit the named Plaintiffs bring this action includes:

> All citizens of the State of Georgia who, owned or resided at residential property lying, in whole or in part, within Rockdale County, Georgia who received an evacuation order and or shelter in place order in response to BioLab's 9-29-2024 fire, explosions and smoke. BioLab is Expressly excluded from membership in the class as are its related corporations, all directors, officers and employees of BioLab, and all persons and entities that have previously released BioLab for the conduct alleged in this Complaint, if any.

[28]  The membership of the class of Plaintiffs is so numerous that joinder of all members is impractical. There are believed to be more than 75,000 members of the class.

[29]  There are questions of law and fact common to all members of the class and these common issues predominate over any individual issues.

[30]  The claims of the named Plaintiffs are typical of the claims of the class members.

[31]  The named Plaintiffs and their lawyers will fairly and adequately protect the interests of the members of the proposed class.  The named Plaintiffs do not have any interests that are contrary to the interests of the members of the proposed class, and the attorneys representing the Plaintiffs have experience prosecuting complex litigation involving toxic torts and property damage resulting from environmental contamination.

[32]  Common questions of law and fact that predominate over any questions affecting the individual members include but are not limited to: (a)  the release and spread of BioLab's chemicals in Rockdale County air, soil, and water; (b) sampling for and delineation of the BioLab's chemicals in Plaintiffs air, soil, and water; (c)  BioLab's reporting to the public and reporting to the GA EPD regarding the nature of the hazards posed by BioLab's operations, fire, explosion, smoke, and other pollution; (d)  BioLab's liability to Plaintiffs; (e)  Common defenses raised by BioLab; and (f)  Plaintiffs available remedies and appropriate damages measures.

[33]  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

[34]  There are no difficulties likely to be encountered in the management of this case that would render the case unmanageable as a class action.

[35]  The claims of the named Plaintiffs are meritorious. The named Plaintiffs reasonably believe that they will prevail on the merits.

NUISANCE

[36] Plaintiffs restate and incorporate by reference, as if fully set forth herein, paragraphs [1] through [35].

[37] BioLab's prior and 9-29-2024 explosions, fire, smoke, offensive smells, and other pollution cause each Plaintiff's hurt, inconvenience and damage within the meaning of O.C.G.A. § 41-1-1.

[38] BioLab's prior and 9-29-2024 explosions, fire, smoke, offensive smells, and other pollution emanating from the BioLab Property, unreasonably, substantially and repeatedly interfere with Plaintiffs' use and enjoyment of their Property.

[39] Each Plaintiff is entitled to the full use and enjoyment of their Property, free of BioLab's explosions, fire, smoke, offensive smells, and other pollution.

[40] BioLab's conduct proximately caused the prior BioLab Property explosions, fire, smoke, offensive smells, and other pollution about which Plaintiffs complain.

[41] BioLab's conduct proximately caused the 9-29-2024 BioLab Property explosions, fire, smoke, offensive smells, and other pollution about which Plaintiffs complain.

[42] BioLab's prior and 9-29-2024 explosions, fire, smoke, offensive smells, and other pollution constitute a nuisance to Plaintiffs.

[43] BioLab's nuisance the actual and proximate cause of Plaintiffs damage and injury.

[44] Plaintiffs Property value is diminished and reduced by BioLab's nuisance.

[45] Plaintiffs are personally and specially damaged and injured by their Property value loss, by their personal injury, as well as by their annoyance, discomfort, aggravation, inconvenience, and loss of use and enjoyment, resulting from BioLab's nuisance.

[46] Because of BioLab's nuisance BioLab is liable to Plaintiffs in dollar amounts to be determined by the enlightened conscience of the Jury, for Plaintiffs' personal injury, and diminished Property values, and the cost to sample the air, water, and soil at Plaintiff's property for BioLab's chemicals, and for Plaintiffs aggravation, annoyance, hurt, discomfort, inconvenience, and loss of use and enjoyment of Property.

TRESPASS

[47] Plaintiffs restate and incorporate by reference, as if fully set forth herein, paragraphs [1] through [46].

[48]  BioLab's 9-29-2024 explosions, fire, smoke, offensive smells, and other pollution at Plaintiffs' Property and the injury and damage caused thereby, interferes with Plaintiffs' property possession and or right to exclude others from such Property.

[49]  BioLab trespasses upon Plaintiffs' Property by its conduct above-described.

[50]  BioLab procured, assisted, or induced the commission of the trespasses alleged by Plaintiffs.

[51]  BioLab's trespass is the actual and proximate cause of Plaintiffs aggravation, inconvenience and other damage and injury.

[52]  Plaintiffs were and are specially damaged by BioLab's trespass.

[53]  Because of BioLab's trespass, BioLab is liable to Plaintiffs in dollar amounts to be determined by the enlightened conscience of the Jury for Plaintiffs' personal injury, and Property damage, and for Plaintiffs mental injury flowing from the trespass, and for the cost to sample the air, water, and soil at Plaintiff's property for BioLab's chemicals.

## NEGLIGENCE

[54]  Plaintiffs restate and incorporate by reference, as if fully set forth herein, paragraphs [1] through [53].

[55]  At all times relevant hereto, BioLab owed Plaintiffs a duty of care to comply with all applicable federal, state and local laws, regulations, and/ordinances at the BioLab Property.

[56]  At all times relevant hereto, BioLab owed Plaintiffs a duty of care to not cause damage or injury to Plaintiffs persons and/or Property.

[57]  At all times relevant hereto, BioLab owed Plaintiffs a duty of care to not create an explosion hazard at the BioLab Property that could harm Plaintiffs.

[58]  At all times relevant hereto, BioLab owed Plaintiffs a duty of care to not create a fire hazard at the BioLab Property that could harm Plaintiffs.

[59]  At all times relevant hereto, BioLab owed Plaintiffs a duty of care to not cause or allow smoke, offensive smells, or other pollution onto Plaintiffs Property from the BioLab Property or otherwise.

[60]  At all times relevant hereto, BioLab owed Plaintiffs a duty of care to avoid and extinguish the BioLab Property explosions and fire, immediately and completely, and without discharging runoff water contaminated with BioLab's chemicals to any Plaintiffs Property and without further damaging or injuring Plaintiffs and Plaintiffs' Property.

[61]    At all times relevant hereto, BioLab owed Plaintiffs a duty of care to not pollute Plaintiffs Property.

[62]    By their conduct set out in this Complaint, BioLab has breached all of these duties of care to Plaintiffs.

[63]    BioLab's conduct is the actual and proximate cause of Plaintiffs damage and injury.

[64]    Because of BioLab's negligence BioLab is liable to Plaintiffs in dollar amounts to be determined by the enlightened conscience of the Jury, for Plaintiffs personal injury, and reduced Property values, and the cost to sample the air, water, and soil at Plaintiff's property for BioLab's chemicals.

## PUNITIVE DAMAGES

[65]    Plaintiffs restate and incorporate by reference, as if fully set forth herein, paragraphs [1] through [64].

[66]    BioLabs conduct set out above was reckless, showed willful misconduct, malice, wantonness, oppression, an entire want of care, and conscious indifference to the consequences of the conduct towards Plaintiffs Properties and persons.

[67]    BioLabs conduct set out above showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

[68]    BioLab intended to harm Plaintiffs.

[69]    Pursuant to O.C.G.A § 51-12-5.1 Plaintiffs are entitled to an award of punitive damages against BioLab to punish, penalize, or deter BioLab from such conduct.

## ATTORNEY'S FEES, COSTS, & EXPENSES

[70]    Plaintiffs restate and incorporate by reference, as if fully set forth herein, paragraphs [1] through [69].

[71]    Within the meaning of O.C.G.A. § 13-6-11, BioLab has acted in bad faith, been stubbornly litigious, and or caused Plaintiffs unnecessary trouble and expense.

[72]    Pursuant to O.C.G.A. § 13-6-11 Plaintiffs are entitled to recover their expenses of this litigation including attorney's fees, expert fees, and other litigation costs from BioLab.

WHEREFORE, Plaintiffs respectfully pray that this Court:

[a]  Issue Service of Process and grant Plaintiffs a trial by Jury as to all issues so triable;

[b]  Certify the Complaint claims as a Class action pursuant to O.C.G.A. § 9-11-23 *et seq.*;

[c]  Enter Judgment in favor of Plaintiffs and against Defendants jointly and severally for damages on all claims in this Complaint;

[d]  Award Plaintiffs pre- and post-judgment interest as allowed by law;

[e]  Award punitive damages to Plaintiffs against Defendants in amounts determined by the Jury pursuant to O.C.G.A § 51-12-5.1;

[f]  Enter Judgment against Defendants and in favor of Plaintiffs in amounts determined by the Jury, awarding Plaintiffs their attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11; and

[g]  Grant Plaintiffs such further and other relief as this Court deems just and proper.

Respectfully submitted this 30th day of September 2024.

*/s/ Robert Jackson*
---------------------------------------------
Robert B. Jackson (GA Bar # 387750)
ROBERT B. JACKSON IV LLC
260 Peachtree Street, Suite 2200
Atlanta, Georgia 30303
(404) 313-2039
RBJ4LAW@GMAIL.COM

📞 +1 (770) 278-7000



Search 🔍

English

☰

# UPDATES ON BIO FIRE (9/29/24)



ALERT: Information and Road closures due to Biolab fire:

(7:45 PM):
ALERT: 7:45 PM: SHELTER IN PLACE FOR ALL ROCKDALE COUNTY until MIDNIGHT.
@rockdalecosheriff Rockdale County Emergency Management Agency – RC EMA Rockdale Fire Rescue @cityofconyersga City of Conyers, GA

EXHIBIT A



(6:00 PM) : Evacuation zone includes Signman to Lakeview off Farmer Rd., Irwin Bridge to GA 20, and GA 20 back to Sigman Rd.

I-20 is still shut down from Turner Hill to Salem Rd. exits. Those on the north side of Rockdale County and not in the evacuation area should shelter in place.

(5:00 PM) :All southbound traffic on Hi-Roc Rd between Irwin bridge and Hwy 138 is shutdown.

All traffic from Hwy 138 to I20 from Turnerhill Rd to Salem Rd is shutdown. Please follow deputies' directions for alternate routes.

(3:45 PM): Additional Evacuation Site: General Ray Davis Middle School, 3375 E Fairview Rd SW, Stockbridge, GA 30281

(3:10 PM) NEW EVACUATION SITE: SCOUT CAMP: 218 Scout Road. Covington, GA 30016

EVACUATION ALERT ( 1:10 PM): Please evacuate the area if you are inside this zone. I-20 will be blocked off in both directions between Salem Rd and Turner Hill. Call EMA hotline if you need assistance 770-278-8300.

EVACUATION ALERT ( 1:10 PM): Please evacuate the area if you are inside this zone. I-20 will be blocked off in both directions between Salem Rd and Turner Hill. Call EMA hotline if you need assistance 770-278-8300.



- PUBLIC SERVICE ANNOUNCEMENT:
  Questions can be directed to the Rockdale County Emergency Management Agency hotline at 770-278-8300
- Anyone between Sigman and I 20 need to evacuate.
- Anyone North of Sigman should shelter in place and keep windows closed.

**As of 11 am the following roads are closed:**

- 2986 – Old Covington @ 2nd Ave
- 2970 – Sigman @ Rockbridge
- 3002 – Sigman @ General Arts
- 3024 – Blacklawn @ Veterans
- 2939 – Plunkett @ Lester
- 3040 – Rockdale Ind. @ Lester
- 2920 – Lester East of Farmer
- 2998 – General Arts @ Farmer
- 3012 – Old Cov. @ Rockdale Ind
- CPD – Sigman @ Rockbridge

EMERGENCY ALERT (9/29/24 10:45 am)

To All Churches from Rockbridge to the Northside County Line

Effective Immediately:

Please CANCEL all church services for the day.

If a church service is already in session, please disperse immediately and DO NOT TRAVEL THROUGH THE AFFECTED AREA OF TOWN.

For your safety, leave the area by taking alternate routes.

###









**Services and programs**

SENIOR SERVICES
REGISTER TO VOTE
EMERGENCY ALERTS
RECYCLING CENTER
PARKS & RECREATION PROGRAMS

**Online Payment Services**

ROCKDALE WATER RESOURCES
PAY TRAFFIC CITATIONS
JUVENILE COURTS
Guide to Rockdale County Services



958 Milstead Ave NE,
Conyers, Georgia 30012
(770) 278-7000



© Rockdale County, Georgia.
All rights reserved.